Springfield National Bank, Trustee and Transferee v. Commissioner.
Springfield Nat'l Bank v. Commissioner
Docket No. 109966.
United States Tax Court
1945 Tax Ct. Memo LEXIS 297; 4 T.C.M. (CCH) 211; T.C.M. (RIA) 45060; February 10, 1945
*297 William W. Johnston, C.P.A., 293 Bridge St., Springfield, Mass., for the petitioner. Charles P. Reilly, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: The correctness of a deficiency in gift tax for the year 1937 in the amount of $524.53 is placed in issue by this proceeding. The determination against petitioner is the result of respondent's conclusion that it is liable as a fiduciary and transferee for the unpaid gift tax liability of the donor. The sole question in controversy is the existence of that liability, an issue as to the correctness of the tax itself involving the creation of future interests and the consequent number of exclusions having apparently been abandoned by petitioner. [The Facts] All of the facts are stipulated and are hereby found accordingly. Petitioner is the trustee of a trust created by Herman Isenburg in 1935, the subject matter of which was a group of insurance policies on the grantor's life. The trust instrument directs the trustee to hold the insurance policies and collect the proceeds upon the death of the grantor. The income is then to be paid to two life beneficiaries and their issue until the youngest *298 child arrives at majority and thereupon to be distributed among the issue with cross remainders. If either beneficiary dies without issue, the survivor is entitled to the income, and upon the death of both without issue, the principal is distributable to their heirs at law. The value of the property contributed to the trust is as follows: 1935
Value of policies on the life of the
donor
$70,672.03
1936
Premiums on policies
11,628.50
1937
Premiums on policies
11,334.40
The premiums of $11,334.40 in 1937 were not paid to petitioner but were paid directly to the issuing insurance companies. The cash surrender value of the policies held in the trust and on which such premiums were paid increased during 1937 by more than $3,000. Petitioner filed his 1937 gift tax return with the collector at Boston, Massachusetts, and paid the tax shown to be due thereon in the amount of $475.08. The donor was solvent at all times subsequent to December 18, 1935, and fully able to pay an additional gift tax of $524.53 for 1937 with interest thereon. No deficiency in 1937 gift tax liability of the donor was assessed against him, and the time within which a deficiency *299 notice therefor might have been mailed to him expired March 15, 1941. On November 17, 1941, the deficiency notice herein was sent to petitioner in which it was determined that the gifts in the years 1935. 1936, and 1937 were of future interests, that no specific exclusions were allowable, and that petitioner was liable for the deficiency in gift tax as trustee and transferee. In order to eliminate what might have proved a futile appeal, this proceeding has, at petitioner's suggestion, been held in abeyance pending disposition of review of , which the parties recognize as comparable. That case has now been affirmed (C.C.A., 2nd Cir.) (Jan. 18, 1945) and on that authority petitioner's principal contention must be overruled. The assertion that petitioner has no available property out of which to satisfy the tax claim strikes us as directed rather to the mechanics of collection than to the legal principles involved. No question is raised as to the adequacy of the value of the transferred property. If instruction is required as to permissible courses of action, the local Chancery Courts rather than this proceeding *300 appear to be the source of assistance. See , certiorari denied, (Oct. 9, 1944). Decision will be entered for the respondent.